# Wilson *versus* Whitcomb.

1. The hauling of lumber and timber upon the ground for the construction of the buildings upon an oil leasehold, is not such labor "for or about the construction or erection of any engine, engine-house, derrick, etc.," as to entitle a party to file a lien as a laborer against said leasehold under the provisions of the Act of June 28th 1879, Pamph. L. 182.

2. A claim was filed against a certain oil leasehold, containing the following items:—"Hauling timber for rig 5½ days at $5 per day, amounting to $27.50; Hauling rig timbers, $3; To a job for hauling wood on said lease, $50." *Held*, that the Act of June 28th 1879, Pamph. L. 182. gave no lien for the kind of work described in the claim, and that the same should, therefore, be stricken from the record.

May 10, 1882. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Error to the Court of Common Pleas of *McKean county :* Of January Term, 1882, No. 374.

Scire facias, sur mechanic's lien, filed February 22d 1881, by John N. Whitcomb against H. Wilson and McAboy, owners, or reputed owners, and J. C. Jamison and J. Knapp, contractors. The writ was returned served as to Wilson, the other defendants not found.

The claim filed was as follows :

J. N. Whitcomb, laborer, who is entitled to the benefits of the provisions of the Act of June 28th 1879, relating to liens of laborers on leaseholds, to secure the payment of a debt of sixty-five and fifty one-hundredth dollars due him, which was contracted for work and labor done on a certain leasehold hereinafter described ; for and about the development and improvement thereof for oil purposes; sets forth his claim or statement of his demand as follows, viz.: H. Wilson and McAboy are the owners, or reputed owners, of said leasehold, and J. C. Jamison and James Knapp are the persons with whom the contract was made, and for whom the work was done. The kind of work, and time when it was done, is as follows :

[Wilson *v.* Whitcomb.]

Dec. 27th to Dec. 31st, 1880, hauling lumber for rig 5
  1-2 days, at $5.00 per day, amounting to the sum of $27 50
Hauling rig timbers . . . . . . . . . . . . . . 3 00

                                     $30 50
Cr. By amount paid my boy . . . . . . . . . . 15 00

Balance due for hauling lumber and rig timbers . . . $15 50
1881, To a job hauling wood on said lease, commenced
  Jan. 3d and ended Jan. 29th . . . . . . . . . 50 00

Whole amount due and unpaid . . . . . . . . . $65 50
    The leasehold on which, and for the benefit and development of which the labor was done, is in Otto township, McKean county . . . containing eleven and three-tenths acres, more or less; having thereon three oil wells, with carpenter's rig complete, one boiler, one engine, one tank with pipes, connections and fixtures thereto belonging, or in any wise appertaining.
        [Signed]             J. N. WHITCOMB.

    On motion of defendant's attorney, the court granted a rule to show cause why the lien should not be stricken off, on the ground that the subject of the lien is not the kind of work for which the statute provides a lien.   The court, after argument, entered an order discharging the said rule, and on motion of plaintiff's attorney, entered judgment for plaintiff on the scire facias, for want of a plea and affidavit of defense, for $65.50.
    The defendant thereupon took this writ of error, assigning for error the refusal of the court to strike off the claim, and the entry of judgment for plaintiff.

    *William M. Boggs*, for plaintiff in error.—It does not appear by the claim filed, that the claimant performed any labor " for and about the construction or erection of any engine, engine house, derrick, tank, buildings, machinery, wood or iron improvement, constructed or erected on the" leasehold of the plaintiff in error. He bases his claim solely on labor performed by him as a teamster—every item of the claim being for " hauling." Such work is not within the provisions of the Act of 1879. That Act, being in derogation of the common law, and a wide departure from the principles of the original act relating to mechanic's liens, which gave a lien only on realty, should be strictly construed.   Especially does this apply to the second section, which is local in its effect, applying only to the oil region, and is limited to a favored class:  Gray *v.* Dick, 9 W. N. C. 555; Esterley's Appeal, 4 P. F. S. 192; Bank *v.* Gries, 11 Cas. 423.

[Wilson *v.* Whitcomb.]

(No counsel appeared, and no paper book was presented contra.)

Mr. Justice Green delivered the opinion of the court, May 29th 1882.

The plaintiff claims a lien as a laborer, under the Act of June 28th 1879, P. L. p. 182, against a leasehold, oil wells, tank, rigging, boiler, engine and other machinery and fixtures on the leased premises. The items of his claim are for :

Hauling lumber for rig, 5 1-2 days, at $5.00 per day,

    amounting to . . . . . . . . . . . . . . . . $27 50

Hauling rig timbers . . . . . . . . . . . . .   3 00

To a job hauling wood on said lease, commenced Jan.

    23d and ended Jan. 29th . . . . . . . . . .  50 00

A motion was made in the court below to strike off the lien filed, on the ground that the statute gave no lien for the kind of work described in the claim. This was denied, and judgment was entered against the defendants for the amount of the balance of the claim, for want of a plea and affidavit of defense. The defendants took a writ of error, and assigned as errors the refusal to strike off the lien and the entry of judgment. The only question in the case is whether the act of 1879 confers a lien for the kind of work described in the claim. We are of opinion it does not. The principal item in the claim is for a job of " hauling wood on said lease, $50." It is very clear that this is not a description of labor done for wages in the direct employment of the defendants, but rather the designation of a service of transportation, the price of which is fixed in a lumping sum as the value of the service. It is in no sense daily wages for work, whether as teamster or otherwise, but necessarily includes the whole cost of the transportation. The same is true of the item of $3 for hauling rig timbers. The only remaining item of the claim is the one for $27.50 for " hauling lumber for rig," 5 1-2 days at $5 per day. This, it is true, is stated by the day, but it manifestly includes the entire business of transportation, both because it is so described, and because of the price charged, $5 per day, which, as is well known, represents the price of the team and the service of the teamster. The claim does not state the sum named as the wages of the teamster, but as the aggregate charge for hauling lumber, and we could not limit it to the former without making a violent presumption contrary to the wording of the claim, and to general experience.

Now, the hauling of lumber or wood, upon the ground, can scarcely be regarded as labor performed " for or about the construction or erection of any engine, engine house, derrick," &c., as prescribed in the statute, unless we are prepared to say that such hauling is in itself, and of its own force, the occasion of a

[Wilson *v.* Whitcomb.]

lien, whether done by individuals, or by a canal, railroad, or other transportation company. It will not be pretended that a lien could be filed under this act if the hauling were done in any such mode. This subject has already received the consideration and determination of this court in another connection, but quite kindred to this. In the case of Moyer *v.* Pennsylvania Slate Co., 2J P. F. S. 293, an attempt was made to recover against the stockholders of a slate company for the cost of hauling slate for the company from the quarry to the railroad, for shipment. The act incorporating the company provided that the stockholders should be individually liable "for debts due mechanics, workmen and laborers, employed by the company, and for materials furnished." The plaintiff claimed that he had been employed by the company to haul slate, with his own team, from the company's quarries to the railroad station, and that the stockholders were liable for the service thus rendered under the clause in question. But we held that, notwithstanding the generality of the language of the statute, it did not impose individual liability for the service claimed, on the ground that it could not be regarded as labor within the meaning of the statute. Chief Justice Thompson, in delivering the opinion of the court, on page 298, said: "The learned judge of the Common Pleas was right, therefore, we think, in holding as he did, that the charge for hauling slate, the party using his own team and contributing his own time, was not embraced by the liability clause quoted. Indeed, I regard it as not within the words at all. The teamster was not strictly a laborer or workman, but the ruling stands well enough on the general ground suggested. His was labor of the same kind as that performed by the railroad company in transporting the slates to market, and the yardmen who took charge of them on their arrival at their destination."

We think these views quite pertinent to the present case. In both cases the character of the service rendered was the same. In the one the liability set up was personal or individual, but it was for a debt due to a laborer. In the other, the liability claimed is that of certain property, but it is for labor performed in and about the same. Essentially, there is no difference in the considerations which determine the question at issue in both. It follows that the learned court below was in error in refusing to strike off the lien, and in entering judgment for the plaintiff.

Judgment reversed, and it is now ordered that the lien be stricken from the record.